IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES THOMAS HAGANS, JR.,
  Plaintiff,

vs.               3:07cv355/MCR/MD

OFFICER M. BLIZZAR,
OFFICER S. PATTI,
  Defendants.

---

## REPORT AND RECOMMENDATION

  This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* has been granted by separate order entered on this date.

  Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is currently incarcerated at the Okaloosa County Department of Corrections in Crestview, Florida.  He alleges that his civil rights were violated when on July 1, 2007, he was inadvertently locked into his cell during a severe storm.  Plaintiff contends that officers Blizzard and Patti came around with tools to manually lock the cell doors in plaintiff's dorm while the power was out.  After this had been accomplished, Sgt. Swenney and Assistant Director Mr. Lawson, neither of whom are named as defendants, informed the officers that the inmates were not supposed to be locked down during a severe storm. The officers proceeded to unlock the cell doors, but when they attempted to unlock plaintiff's door, they broke something in the control box above the cell door, meaning that plaintiff was "trapped" in his cell for the night.  Plaintiff claims that he feared for his life because if a fire or a flood would have happened he could have died or drowned.  His fear kept him from sleeping that night.  He states that this event has really taken a toll on him

emotionally, and asserts that the defendants' actions amounted to cruel and unusual punishment.  He maintains that he will never forget this, and will be forever scarred from the event.  Plaintiff claims that his eighth amendment rights have been violated and seeks monetary relief for his mental and emotional distress and "pain and suffering."

An unnecessary and wanton infliction of pain that is totally without penological justification constitutes cruel and unusual punishment that is forbidden by the Eighth Amendment.  *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  In order to determine the existence of an Eighth Amendment violation, a court must ascertain whether the officials involved acted with specific intent or with deliberate indifference to the inmates' health or safety.  *Hope v. Pelzer*, 536 U.S. at 738; 122 S.Ct. at 2514 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Plaintiff does not allege any maliciousness or ill will on the part of the defendants, or that he suffered any actual injury.  His allegations do not give rise to an actionable eighth amendment claim.

Additionally, title 42 U.S.C. § 1997e(e) provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Section 1997e(e) applies to all claims.  See *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e) "does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted"); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998) (reasoning that "§ 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong"); see also *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (reading § 1997e(e) "as limiting recovery for mental or emotional injury in all federal civil actions brought by prisoners," and rejecting argument that First Amendment claims are exempt from the statutory limitation on recovery); *Thompson v.*

*Carter*, 284 F.3d 411, 416 (2nd Cir. 2002) ("[W]e conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations."); *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3rd Cir. 2000) (rejecting argument that First Amendment claim for compensatory damages absent physical injury was outside the scope of the PLRA, because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); but see *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (stating that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought") (footnote omitted). As noted above, plaintiff has not alleged any physical injury as a result of having passed the night "trapped" in his cell during the storm. Therefore, he can not bring this action seeking to recover damages for emotional injury. 42 U.S.C. § 1997e(e).

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 27th day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).